Richard P. Williamson and Lucile I. Williamson v. Commissioner.
Williamson v. Commissioner
Docket No. 1678-66.
United States Tax Court
T.C. Memo 1967-89; 1967 Tax Ct. Memo LEXIS 172; 26 T.C.M. (CCH) 442; T.C.M. (RIA) 67089; April 25, 1967
Richard P. Williamson, pro se, Laramie St., Cheyenne, Wyo. Emory L. Langdon, for the respondent. MURDOCK Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency in income tax of the petitioners in the amount of $486 for 1964. The only issue for decision is whether the Commissioner erred in disallowing dependency exemptions claimed by the petitioners for three minor daughters of Richard. Findings of Fact The petitioners, husband and wife, filed a joint return for 1964 with the district director of internal revenue at Cheyenne, Wyoming. The petitioners resided in Cheyenne. The husband is referred to by his first name Richard. The petitioners on their 1964 return claimed dependency exemptions for *173 Betty K., Connie and Sherry Williamson. The Commissioner, in determining the deficiency, disallowed those exemptions. Betty K., Connie and Sherry are the daughters of Richard and his former wife, now Betty E. Smith, wife of Bernard A. Smith. Betty obtained a divorce from Richard in 1955. The divorce decree required Richard to pay $130 per month for support of the three daughters, who thereafter lived with their mother. Richard paid $1,560 in 1964 to Betty E. Smith for the support of the daughters, as required by the divorce decree. Richard gave each of the daughters a birthday present of $10 and a Christmas present of $20 in 1964. He paid $59.40 for hospital insurance covering the three daughters for 1964. The three daughters visited their father for one week at Pine Springs, Colorado, and he estimated that their visit cost him $62.00, consisting of $15 additional rent for the cabin which the petitioners and the daughters occupied, $30 for additional groceries, $10 share of cost of gasoline for jeep and truck and $7 for fishing licenses. The three Williamson girls, Betty then 17, Connie 15 and Sherry 13, lived during 1964 with their mother and her husband, Bernard A. Smith, at *174 the Smith residence in Cheyenne. The parties have stipulated all of the above statements. The petitioners have not proven that they paid as much as one-half of the support of any one of the three daughters of Richard and his former wife Betty claimed on the petitioners' 1964 return as dependents. All stipulated facts are incorporated herein by this reference. Opinion The petitioners in this case contend that the Commissioner erred in disallowing them a dependency exemption for each of Richard's three minor daughters. The Commissioner contends that the petitioners have failed to prove that they paid more than half of the support of any of the three daughters. The determination of the Commissioner is presumed to be correct and the burden of proof to show that he erred is upon the petitioners. An exemption is not allowed by section 152(a) in a case like this unless over half of the support of the child for the tax year was received from the taxpayer claiming the exemption. All of the evidence favorable to the petitioners has been set forth in the findings above. That evidence does not show the total cost of support for any one of the daughters during 1964 or that over half *175 of it was received from Richard. Thus the petitioners have failed to sustain their burden of proof. Their situation here is even worse than a failure of proof. The Commissioner called Bernard and Betty Smith and they testified that the total support costs for 1964 were $2,330.77 in the case of Betty, $1,803.60 in the case of Connie, and $1,740.67 in the case of Sherry. They gave details to support those amounts. It is not necessary to find as facts the total costs of the support of each girl since it is quite obvious that in no case has it been proven that the amount paid by Richard equaled or exceeded one-half of the support for any one of his daughters. [1] A finding has been made which requires a decision for the Commissioner. Decision will be entered for the Commissioner. Footnotes
1. There is testimony that Betty was employed part time during 1964 and received gross income in excess of $600. See Sec. 151(e)(1)(A).↩